ISRAELS *v.* STATE.

(Division A. March 24, 1930.)

[127 So. 279. No. 28547.]

W. I. Stone, of Coffeeville, and Watkins, Watkins & Eager, of Jackson, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for the State.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted in the court of a justice of the peace on an affidavit charging him with peddling

with an automobile without having paid the privilege tax required therefor by section 7722 of Hemingway's 1927 Code (section 172 of chapter 118, Laws of 1926), and was again convicted on an appeal to the circuit court.

The privilege tax imposed by the statute on peddlers is as follows:

On foot .....................................$ 15.00
With pack animal ............................  40.00
With vehicle and draft animal ...............  60.00
With vehicle and two draft animals ..........  100.00
With automobile or other motor car ..........  100.00

The penalty for violating this section is imposed by section 221 of chapter 118, Laws of 1926 (Hemingway's 1927 Code, section 7795).

The evidence warranted the jury in believing that the appellant transported his goods in an automobile which he would park on a street in a municipality, take the goods out of the automobile, carry them with him to the houses in the immediate vicinity thereof, and sell, or offer to sell, them to the occupants of the houses. He paid no privilege tax.

The appellant was refused an instruction directing the jury to acquit him. His contentions are that he was entitled to this instruction for two reasons: First, his evidence does not disclose that he was peddling at all; and second, if peddling, he was not doing so with an automobile.

The evidence discloses only one actual sale by the appellant, and his contention is that it takes more than one sale to constitute the business of peddling. It is not necessary for a person to actually make a sale in order for him to be a peddler; he may not succeed in making any sale at all, but, if he offers his wares for sale in the manner usual with peddlers, he is engaged in that business. The evidence discloses not only the making of one sale, but that he offered to make others.

In support of the appellant's second contention, it is said that, to constitute peddling with an automobile, the sales must be made direct from the automobile, and that, when the automobile is simply used to transport goods to a locality, and the sales of the goods so transported are thereafter made, not from the automobile itself, but in the vicinity thereof in the same manner that ordinary foot peddlers make sales, the statute is not violated. There is no merit in this contention. The line of demarcation adopted by the statute between the two classes of peddlers is the method by which the goods they are selling are transported from place to place; the theory probably being that a greater volume of business can be done by a peddler who transports his goods in a vehicle than can be done by him when he carries them himself without the aid of a vehicle.

No reversible error, if error at all, was committed by the court below in granting the instructions requested by the state.

Affirmed.